UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Heyward Jackson, Jr., <br><br> Plaintiff <br><br> v. <br><br> United States Department of Health and Human Services, et al., <br><br> Defendants | Case No.: 2:25-cv-00790-JAD-DJA <br><br> **Order Granting Motion to Dismiss for Lack of Standing** <br><br> [ECF Nos. 6, 14, 15, 16] |

When the State of Nevada charged Heyward Jackson, Jr. with Medicaid fraud,[1] he retained a private investigator Zachary Stanczak to obtain documents relevant to his defense.[2] Stanczak submitted two Freedom of Information Act (FOIA) requests to the Centers for Medicare and Medicaid Services (CMS),[3] seeking documents related to CMS's investigation of Jackson.[4] CMS denied Stanczak's requests because the responsive documents contained Jackson's confidential information.[5] So Jackson sues to compel production of the documents under FOIA.[6] CMS moves to dismiss Jackson's suit, arguing that he lacks standing because he

---

[1] ECF No. 14 at 11.
[2] ECF No. 9 at 1.
[3] *Id.* at 2.  CMS is a federal agency within defendant United States Department of Health and Human Services.
[4] *Id.*
[5] *Id.*
[6] ECF No. 1 at 4.

did not personally request the documents.[7]  Because Jackson has not shown that he has standing to bring this suit, I grant the motion to dismiss.

## Discussion

Federal Rule of Civil Procedure 12(b)(1) authorizes federal courts to dismiss a complaint for want of subject-matter jurisdiction.[8]  The party asserting federal jurisdiction has the burden of establishing all its requirements, including Article III standing.[9]  The "irreducible constitutional minimum" of Article III standing requires that the plaintiff show "an injury in fact that is concrete, particularized, and actual or imminent," "that the injury was likely caused by the defendant," and "that the injury would likely be redressed by judicial relief."[10]

When an agency denies a FOIA request, the requester suffers an injury in fact and has standing to compel production of the requested documents.[11]  But federal courts widely recognize that a person passively mentioned in the request[12] or "whose name does not appear on the request lacks standing to sue under FOIA, even if their interest was asserted in the request."[13]

---

[7] ECF No. 6 at 3–4.  Jackson subsequently filed a motion to supplement the record, expedite relief, and compel disclosure of FOIA records, CMS filed a motion to strike, and Jackson then filed a motion for leave to file a late opposition to CMS's motion to strike.  ECF Nos. 14–16.

[8] Fed. R. Civ. P. 12(b)(1).

[9] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).

[10] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

[11] *A Better Way for BPA v. U.S. Dep't of Energy Bonneville Power Admin.*, 890 F.3d 1183, 1186 (9th Cir. 2018).

[12] *Three Forks Ranch Corp. v. Bureau of Land Mgmt., Little Snake Field Off.*, 358 F. Supp. 2d 1, 3 (D.D.C. 2005); *A Better Way for BPA*, 890 F.3d at 1187 (noting that FOIA request that listed organization was "not a situation where there was a 'passing reference' to the named plaintiff on the FOIA request, . . . where the agency had to divine the actual requester, or where counsel dealt with the agency without any indication of who was requesting the documents.").

[13] *See, e.g., Unigard Ins. Co. v. Dep't of Treasury*, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997); *see also McDonnell v. United States*, 4 F.3d 1227, 1236 (3d Cir. 1993); *Smallwood v. U.S. Dep't of*

Jackson disagrees with that approach. He contends that a plaintiff in his situation has standing under FOIA if his authorized agent submitted the request on his behalf.[14] He cites to the Third Circuit case of *McDonnell v. United States* for that proposition, representing to this court that *McDonnell* held that "FOIA does not require the requester to submit the request himself."[15] Curiously, neither that quote nor anything close to that holding appears in *McDonnell*.[16] In fact, the *McDonnell* court held just the opposite—that "a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of" FOIA and cannot "sue in district court when the agency refuses to release requested documents."[17]

*McDonnell* thus demonstrates that Jackson lacks standing to sue. The FOIA requests listed Stanczak as the requester and Stanczak's company as the organization.[18] The request

---

*Just.*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017) (collecting cases). Although the Ninth Circuit has not explicitly held that a plaintiff whose name is not on the request lacks standing to sue under FOIA, it has cited *Unigard* with approval in the context of FOIA pattern-and-practices suits. *See Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1104 (9th Cir. 2016) (citing *Unigard*, 997 F. Supp. 1339). The Ninth Circuit also implicitly recognized that proposition in *A Better Way for BPA* when it had to decide whether an organization was a requester and thus had standing to sue under FOIA. *See A Better Way for BPA*, 890 F.3d at 1186.

[14] ECF No. 9 at 3.

[15] *Id.* (citing *McDonnell*, 4 F.3d 1227).

[16] *Id.* Nor does it appear that the other case that Jackson cites to, a district court case purportedly from the Eastern District of North Carolina called *Sorrells v. United States*, exists. ECF No. 9 at 3. Jackson also cites to *Jud. Watch, Inc. v. U.S. Dep't of Energy* for the quote that "an individual or organization may submit a request on behalf of another person." ECF No. 9 at 3 (citing *Jud. Watch, Inc. v. U.S. Dep't of Energy*, 310 F. Supp. 2d 271 (D.D.C. 2004), *aff'd in part, rev'd in part and remanded sub nom. Jud. Watch, Inc. v. Dep't of Energy*, 412 F.3d 125 (D.C. Cir. 2005)). That case does not contain that quote. *See generally Jud. Watch, Inc.*, 310 F. Supp. 2d 271. This court is seeing increased reliance on AI-generated fake authority and cautions pro se litigants to carefully scrutinize original sources before making representations in court documents.

[17] *McDonnell*, 4 F.3d at 1236–37.

[18] ECF No. 6-2 at 2.

3

description only passively mentioned Jackson and did not allude to any relationship between Stanczak and Jackson.[19] Nor does Stanczak's declaration or the communications he provided suggest that he informed CMS of their relationship.[20] Because nothing in Stanczak's FOIA requests indicates that Jackson was the actual requestor or that Stanczak submitted the requests on Jackson's behalf,[21] Jackson lacks standing to sue and dismissal is required.

## Conclusion

IT IS THEREFORE ORDERED that CMS's motion to dismiss **[ECF No. 6] is GRANTED.** Jackson's complaint is **DISMISSED for lack of standing**. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

IT IS FURTHER ORDERED that Jackson's motion to supplement the record, expedite relief, and compel disclosure of FOIA records **[ECF No. 14] is DENIED**;[22] and CMS's motion

---

[19] *Id.*

[20] ECF No. 14 at 9; ECF No. 6-6 at 2.

[21] *Cf. A Better Way for BPA*, 890 F.3d at 1186 (holding that an organization had standing to sue because the requestor listed the organization in the "organization" field in the FOIA request); *Three Forks Ranch*, 358 F. Supp. 2d at 3 (holding that corporation did not have standing to assert FOIA claim submitted by its attorney because the attorney did not "adequately identify that he [was] making the FOIA request for his client").

[22] Jackson's motion to supplement the record and expedite this ruling focuses on a declaration from Stanczak, which purportedly establishes that he was Jackson's "authorized agent." ECF No. 14. The motion does not, however, contain anything that establishes that Jackson actually submitted the requests or that Stanczak informed the agency that he submitted the requests on Jackson's behalf. *See generally* ECF Nos. 14, 16. So, permitting that supplementation would be futile because it would not cure Jackson's standing issue, and I deny the motion. And the denial of that motion moots CMS's motion to strike it, ECF No. 15, and Jackson's motion for leave to file a late opposition to that motion to strike, ECF No. 16.

to strike that motion **[ECF No. 15]**, and Jackson's motion for leave to file a late opposition to it **[ECF No. 16] are DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
October 1, 2025